## Case No. 1,011.

### In re BARNES.

[10 Ben. 79.][1]

District Court, S. D. New York. Aug. Term, 1878.

CUSTOMS DUTIES—REMISSION OF FORFEITURE—ENTRY OF DECREE.

1. A suit was commenced by the United States against V. & Co., to recover the value of goods alleged to have been entered by them in violation of the 1st section of the act of congress of March 3, 1863. [12 Stat. 737.] While it was pending, proceedings in bankruptcy were commenced against V. & Co., and B. was appointed assignee. Thereafter the attorney for V. &. Co. in that suit withdrew a plea in bar and filed a cognovit that judgment be entered, and it was entered accordingly for $99,951.25. At the first meeting of creditors, the United States district attorney appeared and filed a proof of debt, setting forth that judgment. The assignee excepted to the proof and on the matter being certified to the court, it was held that the claim was provable in bankruptcy, on the basis of the facts out of which the liability arose. The matter was referred to the register to take proof of the validity and amount of the claim. He reported, and on the 18th of August, 1874, the judge decided, that the United States was entitled to prove for the amount of the claim. No formal order to that effect was signed by the judge, but a minute to that effect was endorsed by him on the papers. and from that decision the assignee appealed to the circuit court, which affirmed the decision. The assignee then filed a petition for remission, and an order was made, referring it to a commissioner to inquire as to the facts of the case. After this order a formal order was entered nunc pro tunc, in conformity to the minute of the district judge of August 18th, 1874. The commissioner having made his report, and the same having been certified to the secretary of the treasury for decision, and having been by him returned to the commissioner for revision, the United States district attorney moved for an order dismissing the proceedings on the petition for remission, claiming that it was not competent for the secretary of the treasury to give a remission in the case. Held, that the court having been informed by the judge, before whom the petition for remission came, and by whom the order of reference to a commissioner was made, that substantially the same ground was then taken by the district attorney and overruled by the court, that ruling, having been submitted to and never reversed, must be regarded as the settled law of the court, or at any rate, of the case.

2. That it made no difference that since that time the order had been entered nunc pro tunc on the minute of the judge, of August 18th, 1874.

3. That that minute under the circumstances of this case was to be held to have the same effect as if the order had been then entered on it.

4. That the motion to dismiss the petition must be denied.

5. The district attorney also moved that the petitioner be compelled to make the record of the case a part of his petition. Held, that the United States might prove the facts embodied in the record, but that this motion also must be denied.

[Proceeding by Demas Barnes, assignee in bankruptcy of Theodore H. Vetterlein, Bernhard T. Vetterlein. and Theodore J. Vetter-

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

lein, for remission of forfeitures incurred by the bankrupts for violation of the revenue laws. A reference was ordered, and the commissioner's report certified to the secretary of the treasury. By stipulation the case has been returned by the secretary to the commissioner for a revision of his findings, subject to an appeal to the district judge. Heard on motion by the United States to dismiss the proceedings. Denied. Heard also on motion by the United States to make the record of the case wherein the forfeiture was decreed a part of the petition. Denied.]

Roger M. Sherman, Asst. Dist. Atty., for the United States.

Henry T. Wing, for assignee.

CHOATE, District Judge. This is a motion to dismiss proceedings brought to procure the remission of penalties claimed to have been incurred by breach of the customs revenue laws.

Theodore H. Vetterlein, Bernhard T. Vetterlein and Theodore J. Vetterlein were partners in business, and were adjudicated bankrupts, upon a petition of their creditors, filed December 28th, 1870. Barnes, the petitioner, was appointed their assignee in bankruptcy, March 1, 1871. Prior to the time of the filing of the petition in bankruptcy, suit was commenced in this court against the Vetterleins, to recover the value of goods alleged to have been entered by them at the New York custom house, in violation of the 1st section of the act of March 3rd, 1863, [12 Stat. 737.] At the time of the bankruptcy the suit was at issue and undetermined. After the bankruptcy the attorney for defendants withdrew their plea in bar of the action, and filed a cognovit that judgment be entered for the amount of the claim, $99,951.25. The United States appeared by the district attorney at the first meeting of creditors and filed proof of the claim, setting forth the judgment as the basis of the claim. Exceptions were filed by the assignee to the proof, on the ground that the claim was not one provable in bankruptcy; but upon the matter being certified to the judge, he held [unreported] that the claim was provable in bankruptcy, but not on the basis of the judgment, and that the proof must be on the basis of the facts out of which the liability grew; and on the 22d of June, 1872, the matter was referred to the register to take proof of the validity and amount of the claim, and to report the evidence to the court. The register reported and the judge of this court decided on the 18th of August, 1874, [unreported,] that the United States was entitled to prove for the amount of the claim. No formal order to that effect was signed by the judge, but a minute to that effect was endorsed by him on the papers. From this decision the assignee appealed to the circuit court, and, after argument. Mr. Justice Hunt affirmed the decision. [In re Vetterlein, Case No. 16,-

929.] On the 25th of August, 1875, the assignee filed his petition for remission; and upon notice to the district attorney, and after hearing thereon, the district judge made an order referring it to a commissioner to make summary inquiry into the circumstances of the case.

After this hearing before, the judge and this order of reference, a formal order was entered nunc pro tunc as of April 20, 1872, the date of the original proof of debt, in conformity with the decision of the district judge, of August 18, 1874, and the affirmance thereof by the circuit justice.

The commissioner having made his report, and the same having been certified to the secretary of the treasury for decision, the case has by stipulation been returned by the secretary to the commissioner for a revision of his findings of fact on the evidence already taken, subject to the right of appeal to the district judge, if any such right of appeal exists. And the case being thus again before the commissioner, this motion is made by the district attorney.

The point made by the district attorney is, that it is not competent under the acts of congress for the secretary to remit a forfeiture after an adjudication by a court of competent jurisdiction, which necessarily involves a finding of fact against the defendants, that the penalty was incurred by them with actual intent to defraud the United States and not without such intent or gross negligence; that the decision of the district judge that the penalty was incurred necessarily involves, under the act of March 3d, 1863, a finding that they did the acts complained of with this guilty intent, since by the terms of that act, the wrongful entry of the goods must be made "knowingly" by the parties complained of. It is also claimed by the district attorney, that upon this question the United States is not concluded by the order of reference made Sept. 24, 1875, as a determination of the question of jurisdiction, since at that time no formal order had been entered in conformity to the judge's decision, declaring the debt due and subject to proof; that therefore there was at that time no adjudication of the guilty intent, and the question of jurisdiction now raised could not then arise. He also insists that the question of jurisdiction is always open and even if the point could then have been taken, that a motion to dismiss for want of jurisdiction is proper at any stage of the proceedings.

As to the question whether when the petition was first before the district judge, there had been a judicial determination or judgment upon the question of the intent, so far as the finding of the intent is necessarily involved in the judgment that the debt was due and provable, I am of opinion that the parties to this proceeding are estopped to deny that there was such a judgment. While it is true that as matter of practice it is customary in this court, following the analogy of the practice in the courts of the state of New York, always to enter a formal order to be signed by the judge, yet in other jurisdictions and in many of the states of the Union, the mode of entering a judgment or order of the court is to have a brief memorandum of the same minuted on the papers or on a docket by the clerk by the judge's direction, and this is deemed to be and treated as the record of the judgment or order of the court, until an extended record of the same is made by the clerk, often long afterwards, the minute so made serving as, a sufficient basis for the issue of execution or other proceeding subsequent to judgment. I should hesitate, therefore, notwithstanding the practice that prevails, to hold that a minute on the papers by the judge, containing in itself the very substance of the order subsequently entered, was not to be deemed a judgment or order in the sense now in question. But, however this may be, both of these parties have in their dealings with each other and with the court assumed the existence of such a judgment or decision. The petition for remission recites such a "decision" by the district judge. The appeal from the decision by the assignee alleged such a decision as the basis of an appeal. The United States appeared and argued the appeal on the merits and procured its affirmance, thereby reasserting the existence of the judgment appealed from. The court must have been led to assume the existence of the judgment, and the entry of the order finally nunc pro tunc after the irregularity of practice was discovered, was made to conform the record to the fact as all parties had up to that time assumed it to be. It would be clearly improper, therefore, to allow either party any benefit from the fact that no formal order had been entered when the petition of remission was first before the court.

I am informed by his honor Judge Blatchford, before whom that petition came, that the point was then made by the district attorney that this was not a case in which it was competent for the secretary of the treasury to remit the forfeiture, substantially on the ground now taken by the district attorney, but that the court refused to hear argument of the question, on the ground, as then stated orally to the counsel, that although the intervention of the district judge at some stages of the case is made necessary by the statute, yet that the design of the statute was to make the secretary of the treasury the real judge in the case as well upon the merits as upon any question of jurisdiction that might arise, and that therefore it was not proper, unless in a case of want of jurisdiction so clear as not to admit of argument, for the district judge to deprive the secretary of his power to decide the case by refusing to entertain the petition or to certify the case for decision, by a deter-

mination against the jurisdiction. To assume such power to dismiss the petition, without any right of appeal to the secretary on that question, would virtually oust the secretary of the jurisdiction to determine the cause given him by the act of congress. See Gallego v. U. S., [Case No. 5,201.]

This ruling was submitted to and has never been reversed. It must be regarded as the settled law of this court, or, at any rate, as the settled law of this case. The motion to dismiss is therefore denied.

The district attorney also moves that the petitioner be compelled to make the record of the case which resulted in the decision that the debt was due and provable, including the testimony taken in that proceeding, a part of his petition, or, in default thereof, that the petition be dismissed. This motion must also be denied. It is true that the petitioner should set forth all the circumstances of the case in his petition. But if this record and the decision made upon this testimony are to be regarded as "circumstances" within the meaning of the statute, which is at least doubtful, yet, in case of a failure to set forth in the petition all the circumstances, the United States may prove them as facts and so have the full benefit of them; and if the petition is so defective as to call for the interference of the court to compel a fuller statement, the application must be made much more promptly than it has been made in this case. For these and other reasons, this motion is denied.